# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2441

_____

| | | |
|---|---|---|
| Donald R. Smith, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 15, 2000

Filed: March 22, 2000

_____

Before HANSEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Donald R. Smith pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. At sentencing, Smith objected to facts in the presentence investigation report showing that a loaded handgun was found under the seat of the pickup Smith was driving when he was arrested. The court enhanced Smith's sentence two levels relying on "the evidence which is in the record, particularly the record of the [codefendant's] trial" to conclude that Smith "possess[ed] a weapon within the meaning of the United States Sentencing Guidelines." Smith did not file a direct appeal, but did challenge his conviction and sentence in a 28 U.S.C. § 2255

motion. The district court denied Smith's motion, but granted a certificate of appealability on the narrow issue of whether the use of evidence presented at his codefendant's trial to enhance Smith's sentence violated due process.

On appeal, the United States argues that Smith's challenge is procedurally defaulted, but because the merits of the issue are "easily resolvable against [Smith] while the procedural bar issues are complicated," we choose to address the merits, see Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) (en banc), cert. denied, 120 S. Ct. 120 (1999), and we conclude that no due process violation occurred. Because the sentencing process does not carry the same evidentiary protections guaranteed during a criminal trial, see Williams v. New York, 337 U.S. 241, 246-47 (1949); United States v. Wise, 976 F.2d 393, 401 (8th Cir. 1992); U.S. Sentencing Guidelines Manual § 6A1.3(a) & commentary (1997), relevant, reliable evidence from a codefendant's trial presided over by the sentencing judge may be considered in sentencing Smith even though Smith was not present, represented, or able to confront and cross-examine witnesses at his codefendant's trial, see United States v. Fetlow, 21 F.3d 243, 250 (8th Cir. 1994). Due process requires only that Smith have notice of the proposed weapon enhancement, which he received in the presentence report, and an opportunity to rebut or explain the evidence to be used against him, which he exercised when he objected to the presentence report. See United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir. 1990); United States v. Villegas, 911 F.2d 623, 633 (11th Cir. 1990); United States v. Notrangelo, 909 F.2d 363, 365-66 (9th Cir. 1990). Because Smith received all the process that was due him, we affirm the district court's denial of Smith's § 2255 motion. We do not address Smith's other claims because our review is limited to the issue certified for this appeal. See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999), cert. denied, 120 S. Ct. 840 (2000).

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.