# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3553

_____

| | | |
|---|---|---|
| Terry J. Whittle, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: April 6, 2000
Filed: April 11, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

In 1996, a jury found Terry J. Whittle guilty of distributing methamphetamine, attempting to distribute methamphetamine, and conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Whittle was sentenced to concurrent prison terms of 70 months, and to five years supervised release. We affirmed his sentence. See United States v. Whittle, No. 96-2480, 1996 WL 686147 (8th Cir. Dec. 2, 1996) (unpublished per curiam). Whittle later filed this

28 U.S.C. § 2255 motion to set aside his sentence. The district court[1] denied the motion, and he appeals. We affirm.

In his section 2255 motion, Whittle argued that the district court never made a finding with respect to the type of methamphetamine involved; he was improperly sentenced based on d-methamphetamine, because proper testing was never conducted to determine whether the substance he sold was l-methamphetamine; and counsel was ineffective for failing to raise the l-versus-d-methamphetamine issue at sentencing and on direct appeal.

The sentencing transcript shows, however, that the district court expressly adopted as its findings the amount and type of methamphetamine specified in the PSR (213.17 grams of d-methamphetamine), see Fed. R. Crim. P. 32(c)(1); and that the government submitted laboratory reports on two of the five samples tested, which showed that powder weighing over 100 grams contained d-methamphetamine, see United States v. Maza, 93 F.3d 1390, 1401 (8th Cir. 1996) (government met its burden of proving type of methamphetamine by submitting laboratory testing), cert. denied, 519 U.S. 1138 (1997). Although the government did not produce laboratory reports on all five samples, the district court did not clearly err in finding that all of the methamphetamine involved was d-methamphetamine, given the lack of any evidence that l-methamphetamine was involved. See United States v. Loveless, 139 F.3d 587, 593 (8th Cir. 1998) (standard of review); cf. United States v. Hall, 171 F.3d 1133, 1153 (8th Cir. 1999) (court permitted to infer that all methamphetamine involved in offense was of same type (d-methamphetamine) as that found on defendants' premises and tested, where nothing in record suggested l-methamphetamine was involved). In any event, the base offense level assigned to Whittle's offense was triggered based exclusively on the 111.82 grams shown by the two laboratory reports. See U.S.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Sentencing Guidelines Manual § 2D1.1(c)(7) (1994) (100-400 grams of methamphetamine). We also conclude Whittle failed to show that the chemist's trial testimony contradicted the laboratory reports.

Accordingly, like the district court, we reject Whittle's claim that counsel was ineffective at sentencing and on direct appeal for failing to raise the methamphetamine-type issue. See Washington v. Strickland, 466 U.S. 668, 687, 694 (1984) (deficient-performance-and-prejudice-standard for ineffective-assistance claims); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (counsel's failure to raise meritless issue is not ineffective assistance).

Whittle also argues the district court erred in rejecting his claim that counsel was ineffective for failing to object to a jury instruction on conspiracy, or to request an instruction that he could not be convicted of conspiring with a person who was acting as a government informant. The district court, however, did not grant a certificate of appealability (COA) on this issue and therefore we do not address it, our review being limited to the issues certified for this appeal. See Smith v. United States, No. 99-2441, 2000 WL 295113, at *1 (8th Cir. Mar. 22, 2000) (per curiam) (appellate review limited to issue specified in COA).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.