# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3003

_____

United States of America,      \*

                         \*

         Appellee,      \*    Appeal from the United States

                         \*    District Court for the District

   v.                     \*    of Minnesota.

                         \*

Juan Gabriel Rosas,      \*       [UNPUBLISHED]

                         \*

         Appellant.      \*

_____

Submitted:   June 12, 2002

Filed:   June 25, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

      Juan Gabriel Rosas was one of twelve persons indicted as part of a conspiracy to distribute methamphetamine and cocaine. After Rosas pleaded guilty to conspiracy to distribute 15,876 grams of methamphetamine, the district court[*] applied a three-level enhancement, reduced Rosas's criminal history category from III to II, and sentenced Rosas to 210 months in prison followed by five years supervised release.

_____

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

See 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (1994). Rosas appeals his sentence, and we affirm.

First, Rosas contends the district court committed error when it applied a three-level sentencing enhancement based on its determination that Rosas held a supervisory role in the conspiracy. U. S. Sentencing Guidelines Manual § 3B1.1(b) (2001). We review the district court's findings of fact for clear error and its application of the sentencing guidelines to the facts de novo. United States v. Elliott, 89 F.3d 1360, 1370 (8th Cir. 1996). At sentencing, the district court found that Rosas was a primary supplier of illegal drugs for the conspiracy, and that Rosas recruited at least one inter-state drug courier. Contrary to Rosas's view, we are satisfied the district court did not base its findings on additional information from Rosas's co-defendants' trial. Instead, the district court adopted the uncontested factual findings contained in paragraphs 49 and 53 of the presentence report (PSR), stating, "I think the presentence investigation clearly lays out the framework of the organization, which sets the source of supply as Mancilla and Rosas in California and the drugs coming to Minnesota, particularly with regard to this one load of methamphetamine through a courier recruited by [Rosas]." (Sent. Tr. at 31.)

Rosas also contends he was denied due process when the court applied the sentencing enhancement. We disagree. Rosas both received "notice of the proposed . . . enhancement" in the PSR and exercised the "opportunity to rebut or explain the evidence to be used against him" in a written objection to the PSR and during the sentencing hearing. Smith v. United States, 206 F.3d 812, 813 (8th Cir.), cert. denied, 531 U.S. 951 (2000). Having considered the parties' arguments on appeal, we conclude the district court's findings are free from clear error and the court properly enhanced Rosas's sentence under U.S.S.G. § 3B1.1(b).

Second, Rosas argues the district court's application of the sentencing enhancement violates Apprendi v. New Jersey, 530 U.S. 466 (2000) because the

sentencing enhancement increased Rosas's potential maximum sentence. We disagree. Apprendi does not affect the outcome of this case because Rosas agreed he distributed a specific drug quantity and pleaded guilty under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), which provides a maximum penalty of life imprisonment. United States v. McIntosh, 236 F.3d 968, 975 (8th Cir. 2001). Rosas's 210-month (17 ½ year) sentence did not exceed the statutory maximum of life imprisonment. See 21 U.S.C. § 841(b)(1)(A); Apprendi, 530 U.S. at 490; United States v. Aguayo-Delgado, 220 F.3d 926, 932 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). We thus affirm Rosas's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.