# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2355

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Robert John Kane, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2003

Filed: February 26, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert John Kane pleaded guilty to mail fraud, 18 U.S.C. § 1341 (2000), conspiracy to commit mail and wire fraud, 18 U.S.C. § 371 (2000), and income tax evasion, 26 U.S.C. § 7201 (2000). The district court[*] sentenced Kane to 63 months in prison. Kane appeals his sentence, and we affirm.

_____

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

First, Kane argues the evidence did not support the district court's application of a two-level "sophisticated means" enhancement under U. S. Sentencing Guidelines Manual § 2F1.1(b)(6) (2000). At Kane's sentencing hearing, the evidence showed Kane used offshore bank accounts and multiple corporate shell companies to conceal his fraudulent scheme from the government and from his sixty-two investors across the United States who lost approximately $2.3 million over a period of eight years. The district court stated, "The fraud perpetrated by [Kane] is one of the most sophisticated the Court has seen . . . ." We thus conclude the district court's factual findings and its related application of the sophisticated means enhancement are not clearly erroneous. United States v. Waldman, 310 F.3d 1074, 1079 (8th Cir. 2002) (standard of review).

Second, Kane contends the district court was required to give him a three-level acceptance of responsibility reduction under U.S.S.G. § 3E1.1 (2000). United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review). We disagree. A defendant who receives the two-level acceptance of responsibility of reduction, as Kane did, becomes eligible for an additional one-level reduction by entering a timely guilty plea or providing complete information about the offense. U.S.S.G. § 3E1.1(b) (2000). Kane, however, disputed the charges against him from March 2001 until he pleaded guilty on October 26, 2001–three days before his trial was to begin. Additionally, the district court found Kane did not provide a complete accounting of the proceeds from his extensive fraudulent scheme. Under these circumstances, we conclude the district court did not commit clear error when it granted Kane a two-level, rather than a three-level, acceptance of responsibility reduction.

Finally, Kane claims the district court improperly denied his motion for access to *ex parte* letters victims sent directly to the district court. Kane claims this denial violates his due process rights under Federal Rule of Criminal Procedure 32. There is no indication the district court relied on the *ex parte* letters when sentencing Kane,

however. Instead, the court stated it was "seriously, seriously affected by the victim impact statements" summarized in the presentence report. The forty-four statements were provided to the U.S. Probation Office and were available to Kane's attorney. Because Kane had full access to the forty-four victims' statements sent to the probation officer, he had notice of the victims' intensely emotional demands that he receive severe punishment. Smith v. United States, 206 F.3d 812, 813 (8ᵗʰ Cir. 2000) (per curiam). Kane's attorney counseled the judge against weighing the victims' statements too heavily, thus satisfying the due process requirement of the right to be heard. Id. Thus, the district court's decision to deny Kane access to the *ex parte* letters was not erroneous.

For the reasons stated above, we affirm Kane's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.