# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1387

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Earlen L. Brown, Jr., | * | Western District of Missouri |
| | * | |
| Appellant. | | |

_____

Submitted: November 14, 2005
Filed: December 9, 2005

_____

Before MURPHY, McMILLIAN and GRUENDER, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Earlen L. Brown, Jr., appeals from a final judgment of the District Court[1] for the Western District of Missouri entered upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For reversal, Brown argues that in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court erred in imposing a sentencing enhancement based on hearsay testimony. We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

In October 2004, Brown pled guilty to being a felon in possession of a rifle, in violation of 18 U.S.C. § 922(g)(1). In the presentence report (PSR), the probation officer calculated the base offense level as 6 and recommended a 3-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, and a 4-level increase under § 2K2.1(b)(5) for possession of a firearm in connection with another felony offense. In paragraph 7 of the PSR, the probation officer recited facts showing that Brown had used the rifle in connection with the attempted robbery of Erica Cargo. With a total offense level of 15 and criminal history category of V, the sentencing range was 37 to 46 months.

Brown objected to paragraph 7 and to the § 2K2.1(b)(5) enhancement. At the February 3, 2005, sentencing hearing, the government presented the testimony of Kansas City, Missouri, Police Officer Steven Griswold in support of the enhancement. Griswold testified that on September 1, 2004, he responded to a disturbance call at Cargo's home. Griswold further testified that when he arrived on the street, Cargo waived him down and told him that Brown, who was her ex-boyfriend, entered her home without permission, demanded money, pointed a rifle at her, threatened to kill her if she did not give him money, and pulled the trigger, but the rifle failed to fire because of a trigger lock. Brown further testified that Cargo's daughter, Oderia McCallop, told him that Brown pointed the rifle at her, but she fled and called the police. Brown cross-examined Griswold, but called no witnesses.

The district court overruled Brown's objection to the application of the § 2K2.1(b)(5) enhancement. The district court found that Griswold's testimony was uncontroverted and reliable and that the enhancement was warranted because Brown had attempted to rob Cargo with the rifle. Noting that Booker had rendered the sentencing guidelines advisory, the district court adopted the PSR's sentencing range of 37 to 46 months and sentenced Brown to 42 months imprisonment.

We reject Brown's argument that in light of <u>Booker</u>, the district court erred in relying on hearsay testimony in support of the § 2K2.1(b)(5) enhancement.  "In determining the appropriate guidelines sentencing range to be considered as a factor under § 3553(a), we see nothing in <u>Booker</u> that would require the court to determine the sentence in any manner other than the way the sentence would have been determined pre-<u>Booker</u>."  <u>United States v. Haack</u>, 403 F.3d 997, 1003 (8th Cir. 2005).  Specifically, <u>Booker</u> "provide[s] no basis to question prior . . .  decisions that expressly approved the consideration of out-of-court statements at sentencing."  <u>United States v. Martinez</u>, 413 F.3d 239, 243 (2d Cir. 2005); <u>see also</u> <u>United States v. Luciano</u>, 414 F.3d 174, 179 (1st Cir 2005) (<u>Booker</u> did not alter "view that there is no Sixth Amendment right to confront witnesses during the sentencing phase").

We also note that courts have held that <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), in which the Supreme Court held that admission of testimonial hearsay at trial violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant,  "does not alter the pre-<u>Crawford</u> law that the admission of hearsay testimony at sentencing does not violate confrontation rights."  <u>United States v. Chau</u>, 426 F.3d 1318, 1323 (11th Cir. 2005) (citing <u>United States v. Roche</u>, 415 F.3d 614, 618 (7th Cir. 2005), <u>cert. denied</u>,  2005 WL 3027861 (U.S. Nov. 14, 2005) (No. 05-7031); <u>Luciano</u>, 414 F.3d at 179; <u>Martinez</u>, 413 F.3d at 243).

In addition, contrary to Brown's standard-of-proof argument, "[n]othing in <u>Booker</u> suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime."  <u>United States v. Pirani</u>, 406 F.3d 543, 551 n.4 (8th Cir.) (en banc), <u>cert. denied</u>, 126 S. Ct. 266 (2005).

Accordingly, we affirm the judgment of the district court.

_____