# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2656

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Victor Manuel Gomez-Coronado, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 12, 2007
Filed: February 15, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Victor Manuel Gomez-Coronado (Gomez-Coronado) pled guilty to conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At sentencing, the district court[1] determined Gomez-Coronado was a "manager or supervisor" of a drug conspiracy and applied a

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

three-level role enhancement pursuant to U.S.S.G. § 3B1.1(b),[2] resulting in an advisory Guidelines sentencing range of 235 to 293 months' imprisonment. The district court sentenced Gomez-Coronado to 235 months' imprisonment and 5 years' supervised release. On appeal, Gomez-Coronado challenges the district court's imposition of the managerial or supervisory role enhancement.

We review the district court's determination Gomez-Coronado was a "manager or supervisor" for clear error, see United States v. Plancarte-Vazquez, 450 F.3d 848, 853 (8th Cir. 2006), and conclude the district court did not clearly err in applying the three-level role enhancement to Gomez-Coronado's base offense level. "For a sentencing court to impose a managerial or supervisory role enhancement there must be sufficient evidence from which to find that the defendant controlled at least one other participant in the drug trafficking offense." Id. (internal quotation omitted). Additionally, a sentencing court should consider the defendant's

> exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4.

Because Gomez-Coronado did not object to any specific factual matters set forth in the PSR, the PSR's facts are deemed admitted.[3] See United States v. Paz, 411

---

[2]Section 3B1.1(b) authorizes a three-level enhancement if "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive."

[3]Prior to sentencing, Gomez-Coronado objected to two paragraphs of the PSR, arguing he opposed the three-level enhancement pursuant to the allegation he was a

F.3d 906, 909 (8th Cir. 2005). The PSR's undisputed facts supporting the district court's determination that Gomez-Coronado was a "manager or supervisor" include Gomez-Coronado's actions in (1) dealing in large quantities of methamphetamine; (2) supplying methamphetamine to other dealers; (3) renting a car for another individual to transport methamphetamine; (4) arriving at a residence with a firearm to enforce a drug transaction; (5) "fronting" methamphetamine to an individual and requiring payment later; and (6) making phone calls from prison to his unemployed wife, Ricki Gomez (Gomez), during which Gomez stated "the business" was going well and she had made $8,000. Additionally, in Gomez-Coronado's plea agreement, he acknowledged receiving supplies of methamphetamine and redistributing it to at least six other individuals, who Gomez-Coronado "often supplied" on a "front" basis. This evidence is itself sufficient to support the manager or supervisor role enhancement.

In addition to the PSR's undisputed facts, the district court also relied on the testimony of Amy Lawrence (Lawrence), a witness at the trial of Gomez-Coronado's co-conspirator. The district court had presided over the co-conspirator's trial less than two months before Gomez-Coronado's sentencing. During the co-conspirator's trial, Lawrence testified Gomez-Coronado was her supplier, had recruited her to distribute methamphetamine for him, and had "fronted" methamphetamine to her. Gomez-Coronado challenges the district court's reliance on Lawrence's testimony as a basis for the three-level enhancement, arguing Gomez-Coronado was denied due process by his inability to confront or cross-examine Lawrence. Because Gomez-Coronado did not object at sentencing to the district court's consideration of Lawrence's

_____

manager or supervisor, because "[w]ithout the addition of this enhancement, [his] offense level would be a level 35." One paragraph discusses the proposed three-level enhancement, and the other sets forth the recommended total offense level of 38.

testimony, we review Gomez-Coronado's claim for plain error.[4] See United States v. Sharpfish, 408 F.3d 507, 511 (8th Cir. 2005).

Upon doing so, we reject Gomez-Coronado's argument. "Because the sentencing process does not carry the same evidentiary protections guaranteed during a criminal trial, relevant, reliable evidence from a codefendant's trial presided over by the sentencing judge may be considered in sentencing [the defendant] even though [the defendant] was not present, represented, or able to confront and cross-examine witnesses at his codefendant's trial." Smith v. United States, 206 F.3d 812, 813 (8th Cir. 2000) (per curiam) (internal citations omitted). Due process requires only that the defendant have (1) "notice of the proposed enhancement" and (2) "an opportunity to rebut or explain the evidence to be used against him." Id.; see also United States v. Brown, 430 F.3d 942, 944 (8th Cir. 2005) (concluding "the admission of hearsay testimony at sentencing does not violate confrontation rights" (quotation omitted)). In this case, Gomez-Coronado received notice of the proposed three-level enhancement through both his plea agreement and the PSR. Additionally, Gomez-Coronado objected to the PSR's recommended role enhancement before sentencing, acknowledged (through defense counsel) during sentencing that the district court had heard evidence relating to the enhancement in an earlier trial and was given the opportunity to explain personally whether Gomez-Coronado had in fact recruited Lawrence to join the conspiracy. Thus, the district court did not err by relying, in part, upon Lawrence's testimony as additional support for the three-level role enhancement.

---

[4]"[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 467.

We therefore affirm Gomez-Coronado's sentence.

_____