**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4524

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL DEAN HUBBARD,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Chief District Judge. (1:03-cr-00178)

Submitted: February 8, 2007       Decided: March 16, 2007

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Larry R. Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal from a conviction and sentencing for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Carl Dean Hubbard ("Appellant") pleaded guilty to receipt of child pornography after his motion to suppress evidence seized in the execution of two search warrants was denied. Pursuant to the plea agreement, Appellant reserved his right to appeal the district court's denial of his motion to suppress. Appellant now appeals the denial of his motion to suppress, as well as his sentencing. For the reasons that follow, we affirm.

I.

We first consider Appellant's argument that the district court erred in denying his motion to suppress evidence seized during the execution of search warrants for both his home and his mother's home. The warrants in this case were issued by a magistrate after a police officer presented evidence that a former girlfriend of Appellant's made a 911 call to report that her two young sons, aged four and five, had told her that Appellant had molested them while they stayed at his home the previous night. The officer went to the woman's home to interview her personally. She also told the officer that she had, months earlier, discovered child pornography in both Appellant's home and in a locked room Appellant controlled at his mother's house. When the boys' mother confronted Appellant

about the pornography at the time, Appellant claimed to be participating in an investigation with a local police agency of which the photographs were a part. Before the magistrate, the officer indicated his belief in the mother's credibility.

The police officer also interviewed the two children individually, outside the presence of their mother. He was unable to establish meaningful communication with the younger child, but the older boy both gave the officer a verbal account of the molestation consistent with his mother's report and demonstrated Appellant's actions with a "masturbatory" gesture. J.A. 199.

A district court's ruling denying a motion to suppress presents a question of law subject to de novo review, but the magistrate's initial finding of probable cause is due "great deference" by a reviewing court. United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004). Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996).

We find the evidence described above and presented to the magistrate was sufficient to establish probable cause to issue the warrants in this case. We take particular note of the officer's credibility assessment with respect to the mother. An officer's trained judgment that a witness's mental state is consistent with

the account she is giving justifies the officer in giving credence to that evidence. See United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004); United States v. DeQuasie, 373 F.3d 509, 523 (4th Cir. 2004). Even if we were unpersuaded of the existence of probable cause, we note as well the availability of the "good faith" exception to the exclusionary rule, allowing officers to reasonably rely on issued warrants even if subsequently proven invalid, on these facts. See United States v. Leon, 468 U.S. 897, 922 (1984).

## II.

We now turn to Appellant's arguments regarding his sentencing. Appellant was sentenced to 87 months' imprisonment, the top of the advisory Guidelines range for an offense level of 26 in Criminal History Category II. The presentence report determined the applicable guideline as U.S.S.G. § 2G2.2 (2000)[1], which prescribed a base offense level of 17. The probation officer recommended adding four levels for reasons Appellant does not challenge, as well as adding five levels under U.S.S.G. § 2G2.2(b)(4) because it found Appellant had engaged in a pattern of sexual abuse of minor

---

[1]The November 1, 2000 edition of the Guidelines Manual was used to determine Appellant's advisory Guideline range. Therefore, all Guideline references in this opinion are to that edition. The current version of the five-level enhancement for a "pattern of activity involving the sexual abuse or exploitation of a minor" is found at U.S.S.G. § 2G2.2(b)(5).

children.  Appellant challenges the admission of hearsay statements at his sentencing hearing, the five-level enhancement under U.S.S.G. § 2G2.2(b)(4), and the district court's denial of his requested acceptance of responsibility credit for a reduction in offense level.  We consider each of these arguments in turn.

First, Appellant contends that the district court abused its discretion at sentencing by admitting hearsay statements in the form of videotaped interviews of the two boys describing Appellant's molestation of them.  Abundant case law confirms that a sentencing court may properly consider and credit hearsay evidence, provided the defendant be given an opportunity to rebut or explain such evidence.[2]  See Williams v. New York, 337 U.S. 241, 246-51 (1949); United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999); United States v. Terry, 916 F.2d 157, 160-61 (4th Cir. 1996).

---

[2]Appellant's reliance on Crawford v. Washington, 541 U.S. 36 (2004), is misplaced.  Crawford dealt with hearsay statements that had been admitted at trial.  Id. at 38-41.  Every circuit court to consider the issue of Crawford's application to sentencing proceedings has concluded that the decision does not limit a sentencing court's broad discretion to consider hearsay evidence.  See United States v. Kazopoulos, 437 F.3d 569, 575 (6th Cir. 2006); United States v. Brown, 430 F.3d 942, 944 (8th Cir. 2005); United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005), cert. denied, 126 S. Ct. 1604 (2006); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005), cert. denied, 126 S. Ct. 1086 (2006); United States v. Monteiro, 417 F.3d 208, 215 (1st Cir. 2005), cert. denied 126 S. Ct. 1405 (2006); United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005), cert. denied 126 S. Ct. 671 (2005).

In this case, Appellant was given an opportunity to rebut or explain the videotaped statements of the two boys. Appellant had the videotaped interviews analyzed by an expert, who testified at the sentencing hearing. Moreover, at Appellant's request, the district court reviewed the private health care and welfare records of the two boys for impeaching material. We therefore find no error in the district court's admission of the hearsay statements of the two boys at sentencing.

Appellant next argues that the district court erred in finding that he engaged in a pattern of sexual abuse or exploitation of children. The United States Sentencing Guidelines provide for a five-level increase in the offense level if the court finds that the defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(4).[3] We review the sentencing court's decision to refer to a particular advisory guideline de novo, but we review factual findings made by that court in support of a decision for clear error. United States v. Washington, 398 F.3d 306, 310 (4th Cir. 2005), cert. denied, 125 S. Ct. 2558 (2005). At sentencing, the district court makes findings based on a preponderance of the evidence. United States

_____

[3]Under the terms of this provision, "sexual abuse or exploitation" includes sexual contact with a minor that violates applicable state law. U.S.S.G. § 2G2.2 cmt. n.1. A "pattern of activity" under this provision consists of "two or more" instances of sexual abuse. Id.

v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

As the basis for its finding that Appellant had engaged in a pattern of activity involving the sexual abuse of a minor, the district court credited the statements of the two young sons of Appellant's ex-girlfriend. The older boy initially described the assault to a police officer the day after he was molested and the same day he reported the incident to his mother. Searches of Appellant's home and his locked room in his mother's home produced child pornography, the presence of which supports an inference crediting the boys' accounts of being molested by Appellant. Additionally, in a videotaped interview with a social worker eighteen months after the incident, the younger boy identified Appellant as his molester without being prompted to do so.[4] Appellant's own expert admitted that the fact that the boys' initial complaints were made immediately following the incident made them more credible. Further, Appellant's expert conceded that the younger boy's testimony in the videotaped interview was given in response to fair questioning and that the passage of time

---

[4]In the videotaped interview, the older boy generally denies being sexually molested, although he is not specifically confronted about the incident with Appellant. The district court judge, however, concluded that the older boy's response on the videotape was a defensive one, intended to fend off questions about another incident about which he was embarrassed. We do not find this factual determination, crediting instead the boy's statement given to the police officer immediately after being molested, to be clearly erroneous.

between the event and the videotaped interview did not increase the likelihood that the boy would fabricate false accusations.  Given the record and the due deference owed the sentencing court's findings of fact and credibility determinations, we do not find the decision to credit the two boys' accounts to be clearly erroneous.  Therefore, we uphold the application of the five-level enhancement based on a "pattern of activity involving the sexual abuse" of a minor.  See U.S.S.G. § 2G2.2(b)(4).

Finally, Appellant argues that the district court erred in denying him credit for acceptance of responsibility under the advisory guidelines.  A sentencing court may grant the defendant a two-level reduction in his total offense level if it is persuaded that a defendant has accepted responsibility for his offenses.  U.S.S.G. § 3E1.1(a).  Here, Appellant persisted in denying sexual conduct with the two young sons of his former girlfriend.  The district court specifically credited the accounts of the two boys at sentencing and, therefore, denied Appellant the acceptance of responsibility reduction.  Because, as discussed above, the district court did not err in crediting the young boys' testimony, we find its denial of the acceptance of responsibility reduction appropriate.

III.

For the foregoing reasons, we affirm Carl Dean Hubbard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
