**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4271**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MARIO E. ARIAS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Roger  W.  Titus, District Judge.
(8:06-cr-00187-RWT-1)

Submitted:  March 12, 2009          Decided:  March 30, 2009

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland,
for Appellant.   Rod  J.  Rosenstein,  United  States  Attorney,
Jonathan  C.  Su,  James  M.  Trusty,  Assistant  United  States
Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario E. Arias pled guilty pursuant to a written plea agreement to possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2006). After hearing testimony regarding Arias's affiliation with the MS-13 gang, the district court imposed a variance sentence of fifty-five months' imprisonment. Finding no error, we affirm.

On appeal, Arias initially contends that his Sixth Amendment right of confrontation, as detailed in Crawford v. Washington, 541 U.S. 36 (2004), was violated when the district court considered the statements of individuals who did not testify at the sentencing hearing. Arias also contends that the district court erred in considering the hearsay evidence at sentencing because of its unreliability. Specifically, Arias challenges the testimony of Shawn Morrow, an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Morrow's testimony was, in part, based on information obtained from confidential informants and another law enforcement officer.

In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-examination. Id. at 50-51. However, as conceded by Arias, no circuit court that has considered the effect of Crawford following United States v. Booker, 543 U.S. 220 (2005), has

2

concluded that the rule announced in Crawford applies at sentencing. See, e.g., United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007) (determining Crawford did not alter general rule that hearsay evidence admitted at sentencing does not violate defendant's confrontation rights and collecting cases adopting rule); see also United States v. Brown, 430 F.3d 942, 943-44 (8th Cir. 2005) (noting courts have held that Crawford did not alter general rule of admissibility of hearsay evidence at sentencing).

Further, contrary to Arias's argument, reliance on hearsay evidence at sentencing is specifically authorized. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (2006); see also U.S. Sentencing Guidelines Manual ("USSG") § 1B1.4 (2006). Moreover, the traditional rules of evidence are not applicable to sentencing proceedings. See Fed. R. Evid. 1101(d)(3). Thus, a court may consider any related and reliable evidence before it, including hearsay, in establishing relevant conduct. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991).

At sentencing, Morrow testified that Arias was a member and occasional leader in the Langley Park Salvatrucha

3

("LPS") clique of MS-13.  Morrow detailed orders given by Arias in his leadership capacity, including pat-downs of members for wires, disciplinary beatings, missions to test gang loyalty, and "green lighting" a suspected informant for death.  This testimony generally was corroborated by Arias who admitted that he was involved with the LPS clique of MS-13 from 2004 until the time of his arrest in 2006.  Arias also confirmed that he was a leader in the clique and therefore able to issue orders such as "green lights."  Moreover, the details provided by the informants, who did not know each other's identity, were consistent and corroborated with surveillance and physical evidence.  Audio recordings also were obtained by informants who on occasion wore wires to meetings.  Accordingly, we conclude that the hearsay evidence was reliable and therefore properly considered by the district court at sentencing.

Next, Arias contends that the district court erred in applying an enhancement for obstruction of justice.  When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo.  United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).  The Guidelines provide for a two-level increase in offense level when a defendant "willfully obstruct[s] or impede[s], or attempt[s] to obstruct or impede, the administration of justice with respect to the investigation,

4

prosecution, or sentencing of the instant offense of conviction." USSG § 3C1.1 (2006). Covered conduct includes committing perjury and providing materially false statements to law enforcement officers that significantly impede the investigation of the offense. Id. at comment. (n.4(b), (g)).

The district court determined that an enhancement for obstruction of justice was warranted because Arias falsely testified at the suppression hearing that law enforcement officers had not administered oral Miranda[*] warnings prior to questioning him. Additionally, the court found that Arias impeded the investigation by initially lying to officers regarding the existence of a firearm in his residence. Arias argues, as he did in the district court, that the enhancement should not have been applied as any inaccuracy in his testimony at the suppression hearing was the result of confusion or faulty memory and that his failure to disclose the presence of a firearm in his residence did not significantly impede the officers' investigation.

"Application of [§ 3C1.1] is appropriate if the sentencing court finds that the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result

_____

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

5

of confusion, mistake, or faulty memory)." United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004) (internal quotation marks and citation omitted). It is evident from the materials in the joint appendix that Arias unequivocally testified that he was not provided oral Miranda warnings prior to questioning by law enforcement. As determined by the district court, this testimony was false and intended to deceive. The testimony was unquestionably material since a finding that the officers failed to administer Miranda warnings could have resulted in the suppression of the firearm at issue. Thus, the district court properly applied a two-level increase under § 3C1.1. Because we have concluded that Arias's perjury at the suppression hearing supports the enhancement, we need not address Arias's contention that his statements to law enforcement officers did not significantly impede the investigation.

Finally, Arias contends that his sentence is unreasonable. After calculating the appropriate advisory Guidelines range, the district court must consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). "If [the district court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. Appellate

6

review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591.

The district court followed the necessary procedural steps in sentencing Arias, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. While the court acknowledged Arias's post-arrest attempt to rehabilitate himself, it nevertheless was concerned with Arias's status in the MS-13 gang, his initial failure to disassociate himself from the gang after his arrest, and the nature of the offense of conviction. The court concluded that "[t]he MS-13 gang – specifically, the LPS clique – is a serious matter, one that must be deterred and one that must be addressed with the goal of protecting the public from further crimes of the defendant and those who participate in this organization."

For these reasons, the district court determined that a sentence within the applicable Guidelines range "would be woefully inadequate" and sentenced Arias to a variance sentence of fifty-five months. The court noted that it had chosen a sentence five months below the statutory maximum, see 18 U.S.C. § 924(a)(1)(B) (2006) (prescribing five-year maximum), in recognition of Arias's rehabilitative efforts. After considering the court's application of the relevant § 3553(a)

7

factors to the facts in this case and affording "due deference" thereto, Gall, 128 S. Ct. at 597, we conclude that the district court's imposition of a variance sentence did not constitute an abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED