# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1024

_____

United States of America,         *
                            *

        Appellee,        *

                             *   Appeal from the United States
     v.                *   District Court for the
                             *   District of Minnesota.

Tawfiq Othman Wazwaz,     *

                             *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted: May 7, 2009
Filed:  May 13, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Tawfiq Wazwaz pleaded guilty to conspiring to defraud the United States, in violation of 18 U.S.C. § 371. After finding--based on evidence from the trial of coconspirators--that Wazwaz's involvement in the conspiracy continued after he was imprisoned for an earlier conviction, the district court[1] sentenced Wazwaz to 42 months in prison to run consecutively to, rather than concurrently with, the undischarged prison term he was then serving, see U.S.S.G § 5G1.3. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

738 (1967), arguing that the district court erred in relying on evidence from the coconspirators' trial, as Wazwaz was not a party to the trial and could not cross-examine witnesses. Wazwaz has filed a pro se brief arguing, with regard to the consecutive sentence, that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) (before imposing sentence, district court must address defendant personally to permit him to speak or present any information to mitigate the sentence).

Because Wazwaz did not object at sentencing to the district court's consideration of evidence from the coconspirators' trial, we review the issue for plain error. See United States v. Sharpfish, 408 F.3d 507, 511 (8th Cir. 2005). We find no error in the court's reliance on the evidence, as the sentencing judge presided over the coconspirators' trial, and--contrary to his assertions on appeal--Wazwaz had ample notice of the proposed use of the evidence to support a consecutive sentence, and he had an opportunity at sentencing to rebut the evidence and to address the court personally. See Smith v. United States, 206 F.3d 812, 813 (8th Cir. 2000) (per curiam). Thus, the district court properly found that Wazwaz was subject to U.S.S.G. § 5G1.3(a) (if instant offense was committed while defendant was serving term of imprisonment, sentence for instant offense shall run consecutively to undischarged term of imprisonment).

Further, we conclude that the district court did not abuse its discretion in imposing a fully consecutive sentence. See United States v. Winston, 456 F.3d 861, 867 (8th Cir. 2006) (standard of review). The court explicitly stated that it was considering the factors in 18 U.S.C. § 3553(a), and indicated that a consecutive sentence was needed for rehabilitation purposes and for proportionality. See 18 U.S.C. § 3584(a)-(b) (imposition of concurrent or consecutive prison terms; court shall consider § 3553(a) factors in making determination); 18 U.S.C. § 3553(a)(2)(A) (just punishment), (2)(B) (adequate deterrence), (4)(A)(i) (applicable Guidelines range), (6) (avoidance of unwarranted sentence disparities among defendants);

Winston, 456 F.3d at 868 (affirming sentence where district court explained its decision to run sentence consecutively and cited § 3553(a) factors).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw on the condition that counsel inform Wazwaz about the procedures for filing petitions for rehearing and for certiorari.

_____