**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4480**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MOISES RAMIREZ REYNA, a/k/a Moi,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.    Robert   J.
Conrad, Jr., Chief District Judge.   (3:06-cr-00353-RJC-5)

Submitted:  June 11, 2009              Decided:  July 6, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte,
North Carolina; Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Ramirez Reyna pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). Reyna was sentenced to 135 months' imprisonment. Finding no error, we affirm.

Reyna's counsel raises various challenges to the district court's application of the Sentencing Guidelines on appeal. At sentencing, the district court is initially required to calculate an appropriate advisory Guidelines range. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). The district court "may accept any undisputed portion of the presentence report as a finding of fact," Fed. R. Crim. P. 32(i)(3)(A), and should evaluate the sentencing factors based on the preponderance of the evidence, see United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008).

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate

2

sentence." 18 U.S.C. § 3661 (2006); see also U.S. Sentencing Guidelines Manual § 1B1.4 (2007). Moreover, the traditional rules of evidence are not applicable to sentencing proceedings. See Fed. R. Evid. 1101(d)(3). Thus, the district court may consider any related and reliable evidence before it, including hearsay, in establishing relevant conduct. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). With these principles in mind, each of counsel's arguments are addressed in turn.

Counsel first contends that the district court failed to comply with Rule 32 in resolving the Government's objection to the presentence report's omission of a role enhancement. "[F]or any disputed portion of the presentence report or other controverted matter[, the district court must] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B).

As the proponent of the sentencing enhancement, the burden was on the Government to establish by a preponderance of the evidence that the enhancement should be applied. See United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). The Government therefore presented the testimony of Chris Batina, an agent with the Drug Enforcement Administration, to establish

3

that Reyna was a mid-level "dispatcher," who was responsible for breaking ounce quantities of heroin received from the "cell head" into user amounts, or balloons.

Testimony showed that officers arrested Reyna and several other members of the conspiracy at an apartment leased by Reyna. The dispatchers, including Reyna, were found to be in possession of cell phones that were used as "dispatch phones." Additionally, Reyna's name was listed in drug ledgers, which the cell heads used to keep track of drug amounts disbursed to the dispatchers. One co-conspirator informed Batina that a street-level dealer, or "runner," named Victor Soria worked for Reyna. Soria was arrested while leaving Reyna's apartment and, when searched, was in possession of several balloons of heroin.

In accordance with Rule 32(i)(3)(B), the court considered the evidence and summarized its factual findings and conclusions. The court determined that Reyna "was a manager of the organization and had at least one person that he supervised or managed, that being the runner, Soria." J.A. 91. While counsel asserts that the court erred by not specifically ruling on other individuals the Government alleged were supervised by Reyna, this was unnecessary as the Government corrected its assertions made in the objection and clarified that Soria was Reyna's runner.

Counsel also contends that the evidence presented at sentencing was unreliable. Yet, the materials in the joint appendix do not support counsel's claim. As summarized above, both testimony and physical evidence established that Reyna was a mid-level manager responsible for directing another individual in the conspiracy.

Next, counsel argues that the district court erred in considering evidence that was not part of the presentence report. Counsel concludes that the presentence report "carries with it the same cloak of impartiality as a jury verdict" because, like a jury verdict, the report is an "unbiased conclusion formed after gleaning from collected information." Br. of Appellant 18. We conclude, however, that the district court did not err in considering the testimony of the federal agent at sentencing because a court may permit either party under Rule 32(i)(2) of the Federal Rules of Criminal Procedure to present evidence, including witness testimony, on an objection to the presentence report.

Finally, counsel contends that the district court's consideration of hearsay evidence at sentencing violated Reyna's constitutional right of confrontation. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to cross-

5

examination.  Id. at 50-51.  However, no circuit court to have considered the effect of Crawford has concluded that the rule announced in Crawford applies at sentencing.  See, e.g., United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007) (determining Crawford did not alter general rule that hearsay evidence admitted at sentencing does not violate defendant's confrontation rights); see also United States v. Brown, 430 F.3d 942, 943-44 (8th Cir. 2005) (noting courts have held that Crawford did not alter general rule of admissibility of hearsay evidence at sentencing).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED